Ruffin, J.
 

 The defence was, that the endorser was discharged by the payment of the note by the maker, or by one coming in his place.
 
 Now,
 
 the supposed payment was not voluntary, but was exacted from Parks as alleged by him, on illegal and void process; and on that ground he recovered the value of the horse; so that, in fact, the debt has not yet been received by the plaintiff. Still, if the money were properly raised on the execution, and ought not to have been recovered by Parks, but kept by the plaintiff, or his officer, in satisfac-faction of the debt, it would amount to payment, and discharge the defendant as endorser. It is to be noted here, that the defendant did not make the point, that the recovery was improperly made against Buchanan, since the writ of execution was a justification as to him as constable, though the plaintiff, Murray, or the magistrate, might have been liable. Possibly the point was waived, because Buchanan, as collecting agent, was chargable with the responsibilities, in such a case, of the judgment creditor or his attorney. But be that as it may, the question was not raised, and the case was distinctly put by both parties on the single point, whether the proceeding was sufficient, in law, to charge Parks, as surety for the stay of execution. On that, the opinion of this Court concurs with that of his Honor.
 

 It has been the constan t course of j nstices to en ter the acknowl-edgement of persons as sureties for appeals or for staying executions, on the warrant and judgment. With respect to the latter, the words of the statute are,
 
 “
 
 the acknowledgement of the surety entered by the justice, and signed by the surety, shall be sufficient to bind him and then the act directs that any justice may issue execution against the principal and surety. It is thus seen, that nothing is to be left to parol; but the acknowledgement is to be in writing, and signed by the party ; and that acknowledgement is to be “ entered” by the justice. Where and when entered? Plainly, the entry
 
 *517
 
 is to be made at the time of the acknowledgement and signature, and, as plainly, it must be on the same paper with the judgment, or, at least, on one annexed to it at the time of the entry; so as to prevent the substitution of one judgment for another. The engagement of the surety is not in the form of a contract, drawn out at length, but is a simple acknowledgement that he is surety to stay that judgment, and signed by him ; which is construed in reference to the law authorising the proceeding, and in reference to the particular judgment mentioned and annexed. Such a construction is required, as well for the protection of the surety from imposition as to the amount of his liability, as, for the security of the creditor, and to enaable him to see, at once, when, and against whom he may have execution. Hence, as was remarked in
 
 Rickmon
 
 v.
 
 Williams,
 
 10 Ire. Rep. 126, it is obvious that the provision is in the nature of a statute of frauds and perjuries, and, therefore, no latitude is allowable in applying the act, which would expose either party to imposition. That all the proceedings are to be on the same paper is an idea which pervades all the the other parts of the act relative to the engagement of sureties for an appeal, or stay of execution. Thus, an appeal or stay of execution is subsequently provided for, when the party may be absent at the trial, or if present, may not be prepared to give security. In such cases the plaintiff may have execution immediately ; but it is enacted, that, on the application of the other party to give security, the justice, if the judgment and papers be not in his hands, shall cause them “ to be returned to him,
 
 to the end,
 
 that such stay may be
 
 entered,
 
 or such appeal be allowed which plainly implies that the stay is to be entered on the judgment itself, and signed thereon by the surety. It follows that the surety cannot be bound in any other way, so as to authorise an execution against him as upon a judgment.
 

 As that is decisive of the case, the judgment is affirmed, without adverting to the other point as to the time, being on Sunday.
 

 PeR Cueiam, Judgment affirmed.